# SLG SALDUTTI
## L A W   G R O U P

800 N. Kings Highway • Suite 300 • Cherry Hill, NJ 08034
Tel: 856-779-0300 • Fax: 856-281-3778

William F. Saldutti, III, Esquire
Direct: 856-281-7519
email: wsaldutti@slgcollect.com

April 3, 2018

The Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, N.J. 08101

**RE:**   **Kostas Roustas and Stella Roustas**
   **Case No.  17-22778-JNP**
   **Motion to Approve Sale of Real Property – April 24, 2018 at 10:00 a.m.**
   **Our File No. 27144**

Dear Judge Poslusny:

Please be advised that this office represents The First National Bank of Elmer ("Bank of Elmer") which holds a first mortgage and assignment of rents on the Debtors' real property located at 1170 Route 73, Block 13.06 Lot 14 and 15, 16 through 19 and 28 through 32, Mount Laurel Township, Burlington County, New Jersey ("Real Property").   As set forth in the Debtors' moving papers, Bank of Elmer has instituted a mortgage foreclosure action against the real property and has in fact now obtained a final judgment in foreclosure.

Although Bank of Elmer does not object to the Debtors' Motion to Sell the Real Property to 1170 Route 73 LLC, as set forth in the Agreement of Sale dated January 16, 2018, Bank of Elmer believes additional information is needed from the Buyer to determine whether or not the sale of the real property will actually occur.   Although the Agreement of Sale is dated January 16, 2018, and requires simultaneous filing of the Motion to Approve the Sale of the Real Property, the actual Motion to Approve the Sale of the Real Property was not filed with the Court until March 27, 2018 and there is no indication that the Buyer has conducted any due diligence to date, since the proposed Agreement of Sale does not require the Buyer to conduct any inspections or other due diligence of the real property until such time as the United States Bankruptcy Court has approved the Agreement of Sale.   In this regard, Bank of Elmer is concerned with the accrual of holding costs and other expenses, including real estate taxes, and according to the Tax Collector of Mount Laurel Township, as of March 22, 2018, past due real property taxes and other municipal assessments on the Real Property was the sum of $244,836.29 which does not include the quarterly payment which will be due on May 1, 2018. Accordingly, while the sale of the real property has been substantially delayed, real property taxes and other municipal assessments are accruing at a substantial rate.   Therefore, it is incumbent upon the Debtor and the Buyer to demonstrate to the Court and all parties that the Buyer is serious about purchasing the Real Property.

The Honorable Jerrold N. Poslusny, Jr.
Page 2
April 3, 2018

      Bank of Elmer is also concerned about the due diligence provisions of the Agreement of Sale.    The Agreement of Sale provides that inspections of the property shall be limited to the environmental and geotechnical condition of the property; however, neither term is defined and due diligence should be limited to the environmental and geotechnical condition of the property along with condition of title and survey.  The condition of title and survey are issues of standard practice; however, the Agreement does not define the environmental and geotechnical condition of the property which the Buyer may be concerned and those items should be delineated since the Agreement provides the Buyer with a period of 60 days to terminate the agreement under the due diligence provisions of the Agreement.    Accordingly, the Debtors' creditors and other parties may be waiting until late June of 2018 to ascertain whether or not the Buyer has completed its due diligence studies and is ready to proceed with the closing thirty (30) days thereafter as provided under the Agreement.

      In addition to the above, the Agreement of Sale does not provide for any mortgage financing and Bank of Elmer requests that the Court direct the Debtor to provide further information concerning the Buyer and the Buyer's ability to close on this transaction.   There is no indication in the Motion or the Agreement of Sale that the Buyer has any experience with the purchase of property such as the Sage Diner and Bank of Elmer would respectfully request that the Debtor be required to provide to the Court and all parties further information concerning the Buyer's experience and ability to close on the purchase of the real property without mortgage financing.

      As set forth above, Bank of Elmer does not object to the Debtors' sale of the real property; however, Bank of Elmer believes further information is required to determine whether or not the Buyer's Offer to Purchase is bona fide and can be completed by the Buyer in accordance with its representations.

                  Respectfully submitted,
                  SALDUTTI LAW GROUP

                  _____
                  WILLIAM F. SALDUTTI, III, ESQUIRE

WFS/cf