UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**DINO S. MANTZAS**
DM6590
701 ROUTE 73 N., SUITE 1
MARLTON, NEW JERSEY 08053
(856) 988-0033

Order Filed on March 25, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

**KOSTAS ROUSTAS and STELLA ROUSTAS**

Case No. 17-22778

Judge: Jerrold N. Poslusny, Jr.

Chapter:   11

Hearing Date: March 5, 2019

**ORDER AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS AND CLAIMS, WITH LIENS TO ATTACH TO PROCEEDS, PURSUANT TO 11U.S.C. §§363(b),(f) APPROVING BIDDING PROCEDURES, APPROVING PROPOSED SETTLEMENT AND FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5) is hereby

**ORDERED.**

**DATED: March 25, 2019**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Whereas, this matter has come before the Court upon a Motion to Sell, pursuant to 11 U.S.C §363, free and clear of liens, with liens to attach to proceeds, the real property known as 1170 Route 73, Mount Laurel, New Jersey, Block 1306.01, Lots 15, 16-19 and 28-32 and 1148 Route 73, Mount Laurel, New Jersey Block 1306.01, Lots 14, hereinafter referred to as "Property"; and

Whereas on the 8th day of January, 2019 the Debtors and Karistos Corp. entered into an Agreement of Sale whereby Debtors agreed to sell the Property to Karistos Corp., or its nominee, for the sum of $2,000,000.00; and

Whereas on February 4, 2019 Debtors filed a Motion to Sell Real Property pursuant to 11 U.S.C §363, free and clear of liens and claims, with liens to attach to the proceeds; and

Whereas on February 21, 2019 a Sheriff's Sale of the Property was conducted by the Burlington County Sheriff's Office, at which time the successful bidder was Jay Several for the sum of $1,2650,000.00; and

Whereas, prior to the sale of the Property, counsel for the First National Bank of Elmer and for the Debtors, negotiated a stipulation that the Debtors' right of redemption would be extended to March 29, 2019, and that a Consent Order Extending the Equity of Redemption was executed by the Honorable Jerrold N. Poslusny, Jr. on February 22, 2019; and

Whereas March 21, 2019 the Court held a hearing on the Motion at which time sworn testimony was given and the argument of the attorneys presented; and

Whereas an issue arose as to whether title to the property could be transferred directly by the Debtors during the redemption period and before the actual redemption; and

Whereas it appears that if title cannot be transferred by the Debtors directly to the Buyer, the right of redemption can be assigned; and

Whereas the Court having considered the testimony, papers filed, the representations and

2

argument of counsel, the objections filed by Office of the United States Trustee and Jay Several, by and through his counsel, Ron L. Woodman, Esquire of the law firm Friedman Schuman, P.C., and for the reasons set forth on the record at the hearing conducted on March 21, 2019, and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court finds that Republic Bank and the U.S. Small Business Administration have filed with the Court their consent to the transaction and that the requirements of 11 U.S.C. §363(f) have been satisfied.

2. The Court finds that the consideration provided by the Buyer for the Property is fair and reasonable, that the sale was negotiated, proposed and entered into by the Debtors without collusion, in good faith, and from an arm's length bargaining position "within the meaning of §363(m) of the Bankruptcy Code and In re Abbott's Dairies of Pennsylvania, Inc., 788 F.2d 142 (3d Cir. 1986) and that the Buyer has the financial means to complete this transaction.

3. The Court further finds that notice of the proposed sale satisfies the requirements of procedural due process and Fed. R. Bankr. P. 2002(a)(2).

4. Pursuant to 11 U.S.C. §363(f), the Property shall be transferred to the Buyer free and clear of liens and encumbrances, and the Buyer shall have no liability for any mortgages, security interest, liens, claims, or encumbrances presently existing and affecting the Property (collectively, the "liens and claims").

5. Pursuant to 11 U.S.C. 363(b), Kostas Roustas and Stella Roustas (the "Debtors") are authorized to sell to **Giannakaris Enterprises LLC,** a permitted assignee of **Karistos Corp.** , the property of **Kostas Roustas and Stella Roustas** consisting of the real property known as 1170 Route 73, Mount Laurel, New Jersey, Block 1306.01, Lots 15, 16-19 and 28-32 and 1148 Route 73, Mount

Laurel, New Jersey Block 1306.01, Lots 14, (collectively referred to as the "Property") free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363 pursuant to the Contract annexed to the Motion seeking approval of the proposed sale as Exhibit A and the procedures set forth herein, with this Order determinative in case of discrepancy.

6. To the extent the Debtors do not have the right to sell the Property, this Order specifically provides that Debtors are further authorized to assign all redemption rights which they have to the Property to Giannakaris Enterprises LLC .

7. The transfer of the Property and/or the assignment of the redemption rights to the Property, to the Buyer, pursuant to this Order constitutes a legal, valid, and effective transfer of the property or right of redemption, and shall vest the Buyers with all right, title, and interest of the Seller in and to the Property, free and clear of all liens and encumbrances. The sale is made "as is" and "where is" and no representations or warranties are made as to the title, condition, or fitness for the purpose for which it is intended.

8. The sale of the Real Property is exempt from the New Jersey Realty Transfer Tax pursuant to N.J.S.A. 46:15-10.

9. The Debtors are authorized to execute all necessary documentation and take all appropriate action to consummate the sale in order to comply with this Order and the terms of the Agreement with **Giannakaris Enterprises LLC** under the Agreement of Sale.

10. The Debtors shall provide a preliminary Settlement Statement (HUD #1) to the United States Trustee's Office for review and approval.

11. The Debtors are authorized to pay from the proceeds of sale the funds necessary to satisfy the Estate's share of all necessary and customary closing costs with respect to the sale except

any payments to real estate agents or brokers will not be considered as a necessary and customary closing cost .

    12.    The Debtors are authorized and shall pay the following liens and claims at closing:

        a.    All outstanding real estate taxes, water and sewer bills due and owing to the Township of Mount Laurel, New Jersey.

        b.    Tax Sale Certificate held by US Bank Customer for PC 4 & Creditors.

        c.    Tax Sale Certificate held by MTAG Customer FIG CAP INV NJ13.

        d.     The mortgage held The First National Bank of Elmer.

        e.    The balance shall be paid towards the mortgage held by Republic Bank.

    13.     In the event the approved sale is not consummated by 4 pm, March 29, 2019, Jay Several, or his assignee, shall be permitted to complete his purchase of the Property by paying the Burlington County Sheriff the balance of the bid on or before the close of business on April 1, 2019. A copy of the this Order provided to the Burlington County Sheriff shall serve as sufficient authorization to extend the deadline by which Jay Several or his nominee must pay the balance of the bid until the close of business on April 1, 2019.  In the event the Debtors successfully exercise their right of redemption, the Burlington County Sheriff shall promptly refund to Mr. Several any funds deposited by Mr. Several for the purchase of the Property.

    14.    The Debtors shall immediately notify Jay Several upon the completion of the settlement on the approved sale by the Debtors to Buyers (or the Debtors' assignment of the redemption rights to Buyers).

    15.    The United States Bankruptcy Court for the District of New Jersey shall continue to have jurisdiction to hear and resolve any and all disputes arising under the sale and the consummation thereof.