UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 17-22778 (JNP) |
| | : |
| Kostas Roustas and Stella Roustas, | : Chapter 11 |
| | : |
| | : The Honorable Jerrold N. Poslusny Jr. |
| Debtors. | : |
| | : Hearing Date: August 15, 2019 @ 10:00 am |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE DESCRIBING LIQUIDATING CHAPTER 11 PLAN PROPOSED BY DEBTOR**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to confirmation of the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Reorganization Chapter 11 Plan Proposed by Debtor (the "Disclosure Statement") (Docket No. 150).[1]  In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc.*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

*(In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Disclosure Statement and Plan, and the issues raised in this Objection.

## Background

### A. The Bankruptcy Case.

4. On June 22, 2017 (the "Petition Date"), Kostas Roustas and Stella Roustas (the "Debtors") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. *See* Docket Entry 1.

5. Since the Petition Date, the Debtors have remained in possession of their property and management of their affairs.

### B. The Disclosure Statement and Plan.

6. On July 10, 2019, the Debtor filed the Disclosure Statement and Plan of Kostas Roustas and Stella Roustas (the "Plan"). *See* Docket Entries 149 and 150.

7. On July 11, 2019, the Court entered an Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for August 15, 2019. *See* Docket Entry 151.

## Objections

8. Pursuant to Section 1125(b) of the Bankruptcy Code, a disclosure statement must contain "adequate information" to allow parties to make an informed judgment about a plan of reorganization or liquidation. Section 1125(a)(1) defines "adequate information" as follows:

> " [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

*See* 11 U.S.C. § 1125.

9. Full disclosure is a fundamental policy in the reorganization process. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1980), *cert. denied*, 109 S. Ct. 495 (1988) ("[W]e cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the code standard of "adequate information.") *See also In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("Given the necessity for adequate information in the Disclosure Statement and the paramount position Section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error").

10. In addition, courts have held that where a proposed plan is not confirmable on its face, it will not approve a disclosure statement with respect to that plan because to do so would be an exercise in futility. *See In re Market Square Inn, Inc.*, 163 B.R. 64, 68 (Bankr. W.D. Pa. 1994), *In re Washington Associates*, 141 B.R. 275 (Bankr. S.D.N.Y. 1992); *In re Eastern Maine Electric Co-op, Inc.*, 125 B.R. 392 (Bankr. D.Me. 1991); and *In re McCall*, 44 B.R. 242, 243 (Bankr. E.D. Pa. 1984).

11. The Third Circuit has concluded that "a bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable." *See In re American Capital Equipment, LLC*, 688 F.3d 145 (3rd Cir. 2012). "A plan is patently unconfirmable where (1) confirmation 'defects [cannot] be overcome by creditor voting results' and (2) those defects 'concern matters upon which all material facts are not in dispute or have been fully developed at the disclosure statement hearing." *See id.*

12. The Debtors propose to fund the Plan from various sources including: (i) the sale of the Jersey Diner and property located at 2602 Route 130 North, Cinnaminson, New Jersey (the "Jersey Diner Property"); (ii) the sale of the Debtor's residence located at 49 Oak Ridge Drive, Voorhees, New Jersey (the "Residence"), and (iii) the proceeds from a second mortgage against property located at 245 Bay Avenue, East Merion, New York (the "New York Property"). *See* ECF No. 150 at page 14 of 22.

13. The Debtors set forth that the closing of the Jersey Diner is anticipated to occur on August 31, 2019. *See id.* However, there appears to be financing and environmental contingencies. *See id.* It also appears that the Jersey Diner real property is owned by 2602 Route 130, LLC and the personal property at the Jersey Diner is owned by KLB Jersey, LLC. *See id.* It further appears that both corporations are apparently owned by Debtor, Kostas Roustas. *See id.* As a result, the corporations should be required to provide some evidence of their commitment to fund the Plan. In addition, the Debtors should be required to provide information should the closing of the Jersey Diner Property not occur.

14. Next, the Debtors propose to sell the Residence within 180 days from confirmation of the Plan or the sale of the Jersey Diner Property, whichever comes first. *See id.* The Debtors

should be required to provide information in the event that the sale does not occur prior to the deadline.

15. Next, the Debtors propose to obtain a second mortgage against the New York Property. *See id.* The loan must take place within 180 days from confirmation of the Plan or the sale of the Jersey Diner Property, whichever comes first. *See id.* The Debtors should be required to provide information in the event that the mortgage is not obtained prior to the deadline.

16. Next, the Debtors have failed to provide a liquidation analysis. *See id.* at page 19 of 22.

17. Next, the Debtors have failed to provide a feasibility analysis. *See id.*

18. Next, the Debtors include the incorrect discharge language as the Debtors cannot receive a discharge until all payments are made pursuant to the plan. *See id.* The Debtors should be required to revise the Disclosure Statement and Plan to reflect the correct discharge standard pursuant to 11 U.S.C. § 1141(d)(5).

19. Next, the Debtors include all of their secured creditors in one impaired class. *See id.* at pages 11 and 12 of 22. The secured creditors do not appear to be substantially similar. For instance, Republic Bank holds a mortgage against the Jersey Diner Property, the US Small Business Administration holds a mortgage against the Jersey Diner Property and the Residence, TD Bank, N.A. holds a mortgage against the New York Property, and Melrose Credit Union holds a lien against a Tax Medallion. These claims should be classified separately.

20. Next, the Debtors do not provide any information concerning the sale of the Taxi Medallion, the value of the Residence or the New York Property. The Disclosure Statement should include such information to allow creditors to make an informed decision concerning the Plan.

21.  Next, the Debtors set forth that they must pay $10,000 to the United States Trustee, $90,000 to counsel and $30,000 to the accountant.  *See id.* at page 9 of 22.  These payments are to be made as directed by the Court.  *See id.*  As the Debtors do not have sufficient funds to pay counsel and the accountant, the Debtors should clarify how these payments will be accomplished.  *See* ECF No. 147.  Pursuant to the most recent monthly operating report filed in this case, the Debtors have cash at the end of the month totaling $7,900.  *See id.*

## Conclusion

22.  As detailed above, the Disclosure Statement does not provide adequate information.

23.  The United States Trustee leaves the Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying approval of the Disclosure Statement, and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

By:    */s/* Jeffrey M. Sponder
         Jeffrey M. Sponder
         Trial Attorney

Dated:  July 31, 2019