| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(B)**<br>STEVENS & LEE, P.C.<br>A Pennsylvania Professional Corporation<br>Richard M. Berman, Esq. – RB2336<br>1818 Market Street, 29th Floor<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 751-2872<br>Attorneys for Creditor Republic First Bank d/b/a Republic Bank | |
| In Re:<br><br>KOSTAS ROUSTAS and STELLA ROUSTAS<br><br>Debtors | Case No. 17-22778 (JNP)<br>Chapter:   11<br>Judge: Jerrold N. Poslusny, Jr.<br>Hearing Date: August 15, 2019 @ 10:00 a.m. |

## OBJECTION OF REPUBLIC FIRST BANK D/B/A REPUBLIC BANK ("REPUBLIC BANK") TO DISCLOSURE STATEMENT FOR DEBTORS' PLAN PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Republic Bank objects to approval of the *Disclosure Statement for the Debtors' Plan of Liquidation pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") because it lacks adequate information as required by section 1125 of the Bankruptcy Code.

### PRELIMINARY STATEMENT

Republic Bank submits this Objection to highlight certain deficiencies in Debtors' Disclosure Statement. The Disclosure Statement indicates that the Debtors intend to sell a Diner (the "Jersey Diner") in order to satisfy secured claims such as that of Republic Bank; however, the Debtors fail to provide adequate information regarding the proposed sale and provide no information as to how the Debtors intend to fund the Plan in the event that Debtors are unable to

complete the proposed sale. For these reasons Republic Bank respectfully submits that the Disclosure Statement should not be approved.

## BACKGROUND

On or about June 22, 2017 the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. See Docket Entry 1. On July 10, 2019 the Debtors filed a Disclosure Statement (the "Disclosure Statement") and Plan of Reorganization (the "Plan"). See, Docket Entries 149 and 150. This Court has established August 1, 2019 as the last date for any party to file written objections to the Disclosure Statement and has scheduled an adequacy hearing for August 15, 2019. See Docket Entry 151.

The Debtor, Kostas Roustas, through his ownership of 2602 Route 130, LLC and KLB Jersey, LLC operated the Jersey Diner at located at 2602 Route 130, Cinnaminson, New Jersey. A Republic Bank loan to 2602 Route 130, LLC in the original amount of $1,050,000.00 was guaranteed by KLB Jersey, LLC and the Debtors. The Republic loan is secured by (i) a first mortgage on the real property constituting the Jersey Diner located in Cinnaminson, New Jersey, (ii) a first lien on the personal property used at the Jersey Diner, and (iii) a first mortgage on the Debtor's home located at 49 Oak Ridge Drive, Voorhees, New Jersey (the "Residence").

The Debtors' Plan, in part, is premised upon their ability to sell the Jersey Diner as well as their Residence. The proceeds of these sales will be used to satisfy the claims of debtors' secured creditors, including the claim of Republic Bank. Indeed, it is proposed by Debtors that there will be sufficient funds from the sale of the Jersey Diner to satisfy Republic Bank's loan. See Disclosure Statement, page 14.

The Disclosure Statement is scant on detail regarding the sale of the Jersey Diner. The Disclosure Statement provides:

2

> The [Jersey Diner] property is under an Agreement of Sale with an anticipated settlement date of August 31, 2019. There are financing and environmental contingencies which have not yet been met. Depending on closing expenses and required escrows the Debtor anticipates that the sum of $1,700,000.00 will be available to pay secured creditors.

See Disclosure Statement, page 14.

The Disclosure Statement fails to provide essential information such as the details of the purchase, details as to the contingencies or even a final settlement date. Equally important, given the outstanding contingencies, is that the Disclosure Statement does not provide any information as to how the Debtor intends to fund the Plan in the event the contingencies are not satisfied and the Debtor is unable to complete the sale as and when described in the Disclosure Statement.

## GENERAL REQUIREMENTS FOR APPROVAL
## OF DISCLOSURE STATEMENTS

Section 1125(b) of the Bankruptcy Code provides, in relevant part, that the acceptance or rejection of a plan of reorganization may not be solicited from a debtor's creditors or interest holders unless "there is transmitted to such [creditors or] interest holders the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." See 11 U.S.C. § 1125(b).

The term "adequate information" is defined by Section 1125(a)(1) of the Bankruptcy Code as:

> (a)(1) Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan…

11 U.S.C. § 1125(a)(1).

3

## THE DISCLOSURE STATEMENT DOES NOT CONTAIN ADEQUATE INFORMATION CONCERNING THE PROPOSED SALE

Republic Bank objects to the Disclosure Statement because it fails to provide adequate information concerning the sale of the Jersey Diner. The description of the proposed sale of the Jersey Diner is sparse and reflects both "financing and environmental" contingencies and only an "anticipated" closing date of August 31, 2019. Based upon the description contained in the Disclosure Statement it is clear that the Debtors proposed sale of the Jersey Diner is not firm and the proposed sale of their Residence is just that, a proposal. In the event that the Debtors are unable to consummate the proposed sales when and as proposed, there is no indication from the Disclosure Statement as to how the Debtors fund the Plan.

WHEREFORE, Republic Bank respectfully objects to the adequacy of the Disclosure Statement and requests that this Court sustain its objection to the Disclosure Statement, deny approval of the Disclosure Statement and award such other and further relief as this Court deems necessary and just.

STEVENS & LEE, P.C.
A Pennsylvania Professional Corporation
Attorneys for Republic First Bank d/b/a
Republic Bank

By: _____
Richard M. Berman

Dated: August 1, 2019