UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 17-22778 (JNP) |
| Kostas Roustas and Stella Roustas, | Chapter 11 |
| Debtors. | The Honorable Jerrold N. Poslusny Jr. |
| | Hearing Date: October 17, 2019 @ 10:00 am |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO FIRST MODIFIED DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE DESCRIBING LIQUIDATING <u>CHAPTER 11 PLAN PROPOSED BY DEBTOR[S]</u>**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to confirmation of the First Modified Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Liquidating Chapter 11 Plan Proposed by Debtor[s] (the "Disclosure Statement") (Docket No. 150).[1] In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Disclosure Statement and Plan, and the issues raised in this Objection.

## Background

### A. The Bankruptcy Case.

4. On June 22, 2017 (the "Petition Date"), Kostas Roustas and Stella Roustas (the "Debtors") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. *See* Docket Entry 1.

5. Since the Petition Date, the Debtors have remained in possession of their property and management of their affairs.

### B. The Disclosure Statements and Plans.

6. On July 10, 2019, the Debtors filed a Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Liquidating Chapter 11 Plan Proposed by Debtor (the "Original Disclosure Statement") and Plan of Kostas Roustas and Stella Roustas (the "Original Plan"). *See* Docket Entries 149 and 150.

7. On July 11, 2019, the Court entered an Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for August 15, 2019. *See* Docket Entry 151. The adequacy hearing was adjourned from time to time, and held on September 19, 2019.

8. On July 31, 2019, the U.S. Trustee filed an Objection to the Adequacy of the Original Disclosure Statement. *See* ECF No. 155.

9. On September 18, 2019, the Debtors filed a First Modified Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Liquidating Chapter 11 Plan Proposed by Debtor[s] (the "Disclosure Statement") and First Modified Plan of Kostas Roustas and Stella Roustas (the "Plan"). *See* Docket Entries 165 and 166.

10. The Court conducted a hearing on September 19, 2019 concerning the adequacy of the Disclosure Statement. The Court expressed certain of its concerns at the hearing, and scheduled another hearing for October 17, 2019.

**Objections**

11. Pursuant to Section 1125(b) of the Bankruptcy Code, a disclosure statement must contain "adequate information" to allow parties to make an informed judgment about a plan of reorganization or liquidation. Section 1125(a)(1) defines "adequate information" as follows:

> " [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and

        other parties in interest, and the cost of providing additional information.

*See* 11 U.S.C. § 1125.

    12. Full disclosure is a fundamental policy in the reorganization process. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1980), *cert. denied*, 109 S. Ct. 495 (1988) ("[W]e cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the code standard of "adequate information.") *See also In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("Given the necessity for adequate information in the Disclosure Statement and the paramount position Section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error").

    13. In addition, courts have held that where a proposed plan is not confirmable on its face, it will not approve a disclosure statement with respect to that plan because to do so would be an exercise in futility. *See In re Market Square Inn, Inc.*, 163 B.R. 64, 68 (Bankr. W.D. Pa. 1994), *In re Washington Associates*, 141 B.R. 275 (Bankr. S.D.N.Y. 1992); *In re Eastern Maine Electric Co-op, Inc.*, 125 B.R. 392 (Bankr. D.Me. 1991); and *In re McCall*, 44 B.R. 242, 243 (Bankr. E.D. Pa. 1984).

    14. The Third Circuit has concluded that "a bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable." *See In re American Capital Equipment, LLC*, 688 F.3d 145 (3rd Cir. 2012). "A plan is patently unconfirmable where (1) confirmation 'defects [cannot] be overcome by creditor voting results' and (2) those defects 'concern matters upon which all material facts are not in dispute or have been fully developed at the disclosure statement hearing." *See id.*

15. The Debtors propose to fund the Plan from various sources including: (i) the sale of the Jersey Diner and property located at 2602 Route 130 North, Cinnaminson, New Jersey (the "Jersey Diner Property"); (ii) the sale of the Debtor's residence located at 49 Oak Ridge Drive, Voorhees, New Jersey (the "Voorhees Property"), (iii) the sale of the property located at 245 Bay Avenue, East Merion, New York (the "New York Property") or the Debtors will borrow funds by obtaining a second mortgage against New York Property, and (iv) the surrender of a taxi medallion to Melrose Credit. *See* ECF No. 165 at page 15 of 24.

**A. The Jersey Diner Property.**

16. The Debtors set forth that a sale of the Jersey Diner was terminated, and that the Jersey Diner Property continues to be listed by Arrow Real Estate Services. *See id.* at page 14 of 24. It appears that related entities own the Jersey Diner real property, 2602 Route 130, LLC, and the personal property, KLB Jersey, LLC. *See id.* It further appears that both entities are apparently owned by Debtor, Kostas Roustas. *See id.*

17. The Debtors set forth that 2602 Route 130, LLC and KLB Jersey, LLC will provide evidence of their commitment to fund the Plan. *See id.* However, the Debtors have not provided any evidence to establish the commitment of 2602 Route 130, LLC and KLB Jersey, LLC to fund the Plan. Both 2602 Route 130, LLC and KLB Jersey, LLC should be required to provide some evidence of their commitment to fund the Plan.

18. In addition, the Disclosure Statement is silent as to the timing of a sale of the Jersey Diner Property. As it now stands, the potential sale of the Jersey Diner is open-ended. The Debtors should be required to establish a deadline for the sale of the Jersey Diner Property.

19. Further, the Disclosure Statement is silent as to the outcome should a sale not occur. Query whether the Jersey Diner Property should be surrendered or whether an auction should occur.

20. The Debtors also set forth that they believe that "the sum of $1,450,000 will be available to pay secured creditors" from the sale of the Jersey Diner Property. However, the Debtors do not provide any evidence to support this conclusion. The Debtors also do not provide any evidence of the value of the Jersey Diner Property.

**B. The Voorhees Property.**

21. Next, the Debtors propose to sell the Voorhees Property. *See id.* at pages 14 and 15 of 24. Although this case has been pending since June 22, 2017, the Debtors set forth that they now will retain a realtor within 10 days to list the Voorhees Property for sale. *See id.* Debtors anticipate that the sale will take place within 90 days from the order of confirmation, or the sale of the Jersey Diner Property, whichever comes first. *See id.*

22. Similar to the Jersey Diner Property, the sale of the Voorhees Property is open-ended. The Debtors should be required to provide a date by which the sale of the Voorhees Property will occur and provide the outcome should a sale not occur during that timeframe.

**C. The New York Property.**

23. Next, the Debtors propose to obtain a second mortgage against the New York Property. *See id.* The loan will be obtained within 90 days from confirmation of the Plan. *See id.* If the Debtors are unable to procure a loan within that timeframe, the Debtor will list the New York Property for sale. Again, this case has been pending since June 22, 2017, some 26 months. Debtors should be required to list the New York Property at the same time they are continuing to seek a second mortgage.

24. In addition, the sale of the New York Property is open-ended. The Debtors should be required to provide a date by which the sale of the New York Property will occur and provide the outcome should a sale not occur during that timeframe.

**D. Miscellaneous Objections.**

25. Next, although the Debtors provided a liquidation analysis, it is difficult to understand and comprehend. *See id.* at page 23 of 24. The Debtors should be required to provide a more concise liquidation analysis.

26. Next, the Debtors have failed to provide a feasibility analysis. *See id.* at page 20 of 24.

27. Next, the Debtors include the incorrect discharge language as the Debtors cannot receive a discharge until all payments are made pursuant to the Plan. *See id.* The Debtors should be required to revise the Disclosure Statement and Plan to reflect the correct discharge standard pursuant to 11 U.S.C. § 1141(d)(5).

28. Next, the Debtors include Republic Bank and the United States Small Business Administration in Class 1A. *See id.* at page 11 of 24. These secured creditors do not appear to be substantially similar. For instance, Republic Bank holds a mortgage against the Jersey Diner Property, and the US Small Business Administration holds a mortgage against the Jersey Diner Property and the Voorhees Property. These claims should be classified separately.

29. Next, the Debtors provide that the claims of Republic Bank and the US Small Business Administration are not impaired. *See id.* However, it appears that these creditors may be impaired as it is unclear when the sales of the Jersey Diner Property and the Voorhees Property will occur. It is also unclear if these creditors will receive any adequate protection during the sales period and whether they will receive interest.

30. Next, the Debtors provide that the claim of TD Bank is not impaired. *See id.* However, it appears that the Debtors intend to assume the claim and amortize the amount owed over the life of the loan. *See id.* If the contract is being revised, TD Bank is impaired.

31. Next, Section IIIC of the Disclosure Statement is incomplete. *See id.*

32. Next, the Debtors set forth that the priority claims of the State of New Jersey will be paid within 30 days of the sale of the Jersey Diner and that the priority claims of the Internal Revenue Service will be paid from the sale of the Voorhees Property. *See id.* Pursuant to Section 1129(a)(9) of the Bankruptcy Code, the Debtors must pay priority tax claims within five (5) years of the Petition Date. Here, as the sales of the Jersey Diner Property and the Voorhees Property are open-ended, the payment of these priority claims could be contrary to the Bankruptcy Code.

33. Next, the Debtors provide that general unsecured creditors will not receive a distribution under the Plan. *See id.* at page 13 of 24. As a result, the general unsecured class is deemed to reject the Plan. *See* 11 U.S.C. § 1126(g). The Debtors have not set forth in the Disclosure Statement that unsecured creditors have rejected the Plan and that it is not necessary to vote. The failure to designate a distribution to unsecured creditors requires the Debtors to obtain an impaired accepting class and establish at confirmation that the Plan is fair and equitable pursuant to Section 1129(b).

34. Next, the Debtors set forth in Section IIID3 of the Disclosure Statement that "there is no post-confirmation management because the business is closed and all assets have been liquidated." *See id.* at page 15 of 24. However, this is an individual case and it would be presumed that the Debtors would continue management of their affairs post-confirmation.

35. Next, the Debtors have failed to provide sufficient information concerning the values of the Jersey Diner Property, the New York Property and the Voorhees Property. Creditors should know, at the very least, what the list prices are for the properties.

36. Next, the Debtors should be required to provide more information concerning the risk factors associated with the Plan and Disclosure Statement.

37. Next, the Debtors set forth that they must pay $100,000 to the United States Trustee, $90,000 to counsel and $30,000 to the accountant. *See id.* at page 9 of 24. The payments to the United States Trustee are to "be paid as accrued based on debts paid". The payments of counsel and the accountant are to be paid as directed by the Court. *See id.* As the Debtors do not have sufficient funds to pay counsel and the accountant, the Debtors should clarify how these payments will be accomplished. *See* ECF No. 147. Pursuant to the most recent monthly operating report filed in this case, the Debtors have cash at the end of the month totaling $7,826. *See id.*

38. Next, the Debtors propose to pay fees due and owing to the U.S. Trustee in full within 30 days following the approval of the Plan. *See id.* at page 10 of 24. As of September 20, 2019, the Debtors owe $19,626.59 for the second quarter of 2019, which was due on or before July 31, 2019. Although this is a confirmation issue, the U.S. Trustee sets forth that it objects to this language in the Plan, and objects to the Debtors' failure to pay statutory fees timely.

## Conclusion

39. As detailed above, the Disclosure Statement does not provide adequate information. In addition, it does not appear that the Plan is confirmable.

40. The United States Trustee leaves the Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or

modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying approval of the Disclosure Statement, and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        ANDREW R. VARA
        ACTING UNITED STATES TRUSTEE
        REGION 3

        By:    */s/* Jeffrey M. Sponder
               Jeffrey M. Sponder
               Trial Attorney

Dated: September 20, 2019